UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kelley Oliver, | ) |
| | ) C/A No.: 8:08-cr-00020-GRA-2 |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) (Written Opinion) |
| United States of America, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the Court pursuant to Petitioner's Motion to Amend/Correct Judgment. For the reasons stated herein, the Court will reserve judgment on the merits of Petitioner's motion until he either objects to the above-captioned matter being treated as a petition under 28 U.S.C. § 2255 or the twenty-day time period for objections has expired.

**Background**

On April 16, 2009, Petitioner Kelley Oliver pled guilty to fraud by wire, radio, or television. On April 16, 2009, Petitioner was sentenced by the undersigned to twelve (12) months imprisonment followed by three (3) years of supervised release. Petitioner waived the preparation of a Pre-Sentence Report. Judgement was docketed as to the Petitioner on April 21, 2009. The Petitioner did not file an appeal.

On September 30, 2009, Petitioner filed the present motion with this Court seeking modification of his sentence to home confinement for the duration of his prison term.

## **Standard of Review**

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

## **Discussion**

Since Petitioner is seeking to vacate, set aside or correct the sentence, the Court finds that the matter should be construed as a petition for habeas corpus relief under 28 U.S.C. § 2255. Such a construction may have serious implications for the Petitioner due to the procedural limitations on § 2255 petitions, and may limit his ability to pursue his claims. Therefore, these limitations will be briefly outlined.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner seeking federal habeas relief essentially operated under no statutory time limitation. On April 24, 1996, the President of the United States signed the AEDPA into law. *See* Pub. L. No. 104-132 (1996). The AEDPA instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C.

§ 2255. The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In addition to the time limitations above, petitioners are also limited in the number of petitions they are allowed to make. Under the AEDPA, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citations omitted). Section 2255 provides:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *See also* 28 U.S.C. §§ 2244, 2253.

Since a prisoner is entitled to file only one § 2255 petition without seeking permission from the court of appeals, the United States Court of Appeals for the Fourth Circuit has implemented certain safeguards for prisoners before their filings may be construed as § 2255 petition. *See United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002). The Fourth Circuit requires that before a district court re-characterizes a filing as a § 2255 petition, it must: (1) notify the petitioner of this decision, (2) advise the petitioner of the statutory and procedural limitations on § 2255 petitions discussed above, and (3) provide a reasonable opportunity to respond to the re-characterization. *Id*. at 649.

In compliance with this directive, this Court is providing Petitioner twenty (20) days from the date this order is entered (plus three days for mail time pursuant to FRCP 6(e)) to inform, in writing, the Clerk's Office in Greenville, South Carolina, if he does not wish the above-captioned matter to be treated as a § 2255 petition. If at the end of the period specified in this order, the Clerk's Office has not received

a response from the petitioner, the above-captioned case will be treated as a § 2255 action and ruled on accordingly.

If Petitioner does file an objection to treatment of the motion under § 2255, the motion will be ruled upon as styled. While objecting will preserve the right to file a subsequent § 2255 petition (subject to the procedural limitations discussed previously), the Petitioner is hereby advised that since the time for filing a notice of appeal in his case expired ten days after his sentence was imposed and since the time for correcting a sentencing error under Federal Rule of Criminal Procedure 35(a) expired seven days after his sentence was imposed, consideration of the motion as filed may prove fatal to the present request for judicial review.

IT IS THEREFORE ORDERED that the Petitioner has twenty (20) days from the entry of this order to notify the Clerk of Court if he does not wish for his motion to be construed as a § 2255 petition.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October  7 , 2009
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**